Law Offices of Milton C. Grimes
Milton Grimes, Esq. (State Bar No. 59437)
mcgrimeslaw@gmail.com
3774 W. 54th Street
Los Angeles, CA 90043-2335
Tel.: (323) 295-3023

Attorney for Damien D. Smith

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DAMIEN D. SMITH,

          Plaintiff,

v.

CITY OF LOS ANGELES,
CALIFORNIA, LOS ANGELES POLICE
DEPARTMENT, CHIEF OF POLICE
MICHEL R. MOORE, OFFICER
GUILLEN #38355, and Does 1 through
10,

          Defendants.

Case No.:   2:22-cv-9471

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS**

1. Freedom of Speech
2. Fourth and Fourteenth Amendment
3. *Monell* Claim
4. Negligent Training Suspension
5. Failure to Intervene to Prevent Civil Rights Violation
6. Violation of Civil Rights 7,8,9,10,11
7. Deprivation of Civil Rights
8. Assault and Battery
9. False Arrest
10. Violation of California Civil Code
11. Negligence

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1. Plaintiff asserts claims under 42 U.S.C. §1983.  Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.  Jurisdiction for the claims based on California law is founded on 28 U.S.C. § 1367(a), which provides this court with supplemental jurisdiction over state law claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Plaintiff's claims arise out of a course of conduct involving police officials for

1

COMPLAINT FOR DAMAGES

the City of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district. Venue is proper in this district under 28 U.S.C. 1391(b), as the events or omissions giving rise to the claims occurred within this district.

## PARTIES

3. Plaintiff, Damien D. Smith (also referred to herein as "Mr. Smith" and "Plaintiff"), is an adult man competent to sue. At all relevant times, Mr. Smith resided and was located in the County of Los Angeles, California.

4. Defendant City of Los Angeles (the "City") is a municipal corporation duly organized under and existing under the Constitution and laws of the State of California. In this case, the City acted through its agents, employees, and servants, including the policymakers for Defendant the Los Angeles Police Department ("LAPD"), a local government entity and an agency of Defendant City of Los Angeles. The City of Los Angeles is sued in its own right on the basis of its policies, customs, and practices, all of which gave rise to Plaintiff's federal rights claims.

5. Defendant Chief Michel Moore ("Chief Moore") is and was, at all times relevant to this action, the LAPD police chief and a policymaker for the LAPD. He is sued in his official capacity.

6. Defendant Officer Guillen #38355 is employed by the Los Angeles Police Department Hollywood Area, Hollywood Patrol Division. Defendant Officer Guillen is sued in both his official and individual capacities.

7. Does #1 to #10 are Defendant LAPD officers who are unnamed because their identities are presently unknown and have yet to be ascertained. Upon ascertaining the true identity of an individual defendant Doe, Plaintiff reserves the right to amend this complaint or seek leave to do so by inserting the true and correct name in lieu of the fictitious name ("Doe"). Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each individual defendant Doe herein is in some manner responsible for the injuries and damages inflicted upon Plaintiff herein. Each

2

COMPLAINT FOR DAMAGES

1  individually named Doe defendant was involved in some manner with the violation of
2  Mr. Smith's rights and is sued in both his/her official and individual capacities.

3      8.    Each individually named defendant and each Doe defendant acted under color
4  of law and within the scope of his or her agency and employment with the City of Los
5  Angeles and the LAPD.

6              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7      9.    Pursuant to California Government Code §910, Plaintiff timely presented to
8  Defendant the City of Los Angeles the appropriate claim for damages on March 3,
9  2022.  The City of Los Angeles denied the claim on March 25, 2022.  Accordingly, this
10  lawsuit is timely.

11                    **STATEMENT OF FACTS**

12      10. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1
13  through 9 of this complaint with the same force and effect as if fully set forth herein.

14      11. On October 13, 2021, Mr. Smith, a documentary filmmaker and entrepreneur,
15  resided at his apartment located at 1714 N. McCadden Place, in Hollywood, California,
16  where he had resided for approximately the past ten (10) years.  At approximately 1:00
17  A.M., Mr. Smith entered his apartment and noticed the presence of an uninvited
18  intruder, who held many of Mr. Smith's personal items in hand.  Mr. Smith, in fear for
19  his life, armed himself with a knife. A struggle ensued, Mr. Smith overpowered the
20  burglar and detained him.  Mr. Smith then called 911 to report the burglary, and gave a
21  detailed description of the burglar and himself to the 911 dispatcher, making sure to
22  describe what the burglar was wearing and what Mr. Smith himself was wearing.

23      12. At approximately 1:30 a.m., Defendant Officer Guillen #38355 and other
24  LAPD Doe officers arrived at the rear of Mr. Smith's apartment, in response to Mr.
25  Smith's emergency call. Upon their arrival, Defendant Officer Guillen and Doe LAPD
26  officers observed the back door of Mr. Smith's apartment ajar, with Mr. Smith standing
27  inside of the apartment with the knife in his hand that he had used to protect himself

28                              3

                    COMPLAINT FOR DAMAGES

from the burglar.

13. Through the open back door, Defendant Officer Guillen and other LAPD officers unholstered their taser guns, pointed them toward Mr. Smith, and screamed at Mr. Smith: "drop the knife and get on the floor!" Mr. Smith verbally and repeatedly responded, "I live here, I called 911, the burglar is lying on the floor right here near me." Mr. Smith dropped the knife as ordered. After he dropped the knife, Defendant Officer Guillen and other LAPD officers ignored Mr. Smith's assertions that he was the one who called 911 and discharged a service taser gun(s) in dart mode at Mr. Smith, approximately two to three (2-3) times within a matter of seconds. Defendant Officer Guillen and other Defendant Doe LAPD officers struck Mr. Smith once in the chest and twice in the back with their tasers.

14. At the time that he was tased, Mr. Smith was standing inside of his home, unarmed, obeying the officers and was not posing a threat to the safety or welfare of Defendant Officer Guillen or other Doe Defendant LAPD officers.

15. A crowd of onlookers and several members of Mr. Smith's apartment community were present during Defendants Officer Guillen and other Defendant Doe LAPD officers' tasering of Mr. Smith.

16. Defendant Officer Guillen and other Defendant Doe LAPD officers act of tasering Mr. Smith caused injury to Mr. Smith's chest, back, and nervous system and caused Mr. Smith to experience the worst pain in his life. After his home being violated and having to defend himself from an intruder, he was attacked by the very people he called for help. Defendant Officer Guillen and other Defendant Doe LAPD officers' acts of tasering Mr. Smith not only caused injury and damage to his chest, back, and nervous system, but also caused Mr. Smith to experience public embarrassment, public ridicule, and extreme fear of the LAPD and other law enforcement authorities. After being brutally tased by the officers sent there to help him, Mr. Smith repeatedly made requests to speak to an LAPD supervisor.

4

COMPLAINT FOR DAMAGES

17. After tasering Mr. Smith, Defendants Officer Guillen and other Doe Defendant LAPD officers handcuffed Mr. Smith while the taser darts were still dug into his back and chest and physically forced Mr. Smith from the inside of his home to the outside of the apartment, put him in the back of an LAPD patrol car parked on the street, and locked the doors with the windows rolled up. The patrol car that Defendants Officer Guillen and other Defendant Doe LAPD officers put Mr. Smith in was alongside approximately five (5) other LAPD patrol cars, several of which had patrol turret lights on attracting the attention of many of Mr. Smith's fellow apartment dwellers.

18. Defendant Officer Guillen and other Doe Defendant LAPD officers act of physically handcuffing Mr. Smith, physically taking him to the back of a LAPD patrol car and putting him inside of a locked LAPD patrol car caused injury not only to Mr. Smith's chest, back, and nervous system, but also to his wrists and added more tot the embarrassment and ridicule and extreme fear of the LAPD and other law enforcement authorities. On information and belief, Plaintiff alleges that this incident is not the first occasions that Defendant Officer Guillen and other individual and Doe Defendant LAPD officers have engaged in improper use of force while employed with the LAPD.

19. As Mr. Smith is taken to the LAPD patrol car and seated inside, a crowd of onlookers and several members of the community gathered, several verbally expressed to Defendant Officer Guillen and other Doe Defendant LAPD officers that officers "had arrested the wrong person," and that Mr. Smith "lived there," referencing the home in which Mr. Smith was tased, arrested, and subsequently taken from.

20. The physical pain, emotional distress and embarrassment that Mr. Smith endured at the hands of Defendant Officer Guillen and other Doe Defendant LAPD officers remains to this day.

21. This incident and injury occurred only because Defendant Officer Guillen and other individual and Doe Defendant LAPD officers (i) failed to carefully and thoroughly investigate the facts leading to Mr. Smith's 911 call; (ii) racially profiled

5

COMPLAINT FOR DAMAGES

Mr. Smith, and acted pursuant to LAPD policies and practices that allow and encourages officers to over-react to black people, whom they wrongly assume to be criminals, and (iii) and were inadequately trained and supervised prior to the physical abuse of Mr. Smith.  If Defendant Officer Guillen and other individual and Doe Defendant LAPD officers were properly trained and supervised, then the physical abuse of Mr. Smith in this case could have been averted.

22. Moreover, Defendant Officer Guillen and other individual and Doe Defendant LAPD officers failed to do a proper inventory of items stolen from Mr. Smith during the burglary that occurred prior to Defendant Officer Guillen and other Doe Defendant LAPD officers' arrival at Mr. Smith's apartment.  This also occurred as a result of inadequate training and supervision by Defendants the City of Los Angeles, Chief Moore and LAPD Doe officers #1 through #10.

## DAMAGES

23. As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, polices and decisions of defendants alleged in this complaint, Plaintiff suffered and will continue to suffer significant emotional, mental, and physical pain and injuries, anguish, fright, nervousness, anxiety, shock, humiliation/embarrassment, indignity, harm to reputation, and apprehension, which have caused and will continue to cause Plaintiff to sustain general damages in a sum to be determined at trial.

24. As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, polices and decisions of defendants alleged in this complaint, Plaintiff suffered the denial of fundamental constitutional rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

25. Defendant Officer Guillen and other individual Doe Defendant LAPD officers acted in a manner that was willful, wanton, malicious and oppressive, with reckless

6

COMPLAINT FOR DAMAGES

disregard of or in deliberate indifference to and with the intent to deprive Mr. Smith of his constitutional rights, and did in fact violate the aforementioned rights, entitling Mr. Smith to exemplary and punitive damages in an amount to be proven at the trial of this matter.

26. Plaintiff is claiming special damages and general damages for past and future medical expenses, pain and suffering, injury to Plaintiff's health, strength, activity, reputation, public humiliation, embarrassment and ridicule, indignity within his community and defamation of his character and reputation, shame, fear, anxiety, uncertainty, shock, injury to his nervous system and person, caused fear for his safety, mental anguish, emotional and psychological distress, attorney's fees, and litigation costs.

## FIRST CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(First Amendment – Against All Defendants)

27. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

28. The individual and doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the First Amendment by acting in a threatening or violent manner and otherwise engaging in conduct (i.e., tasering, handcuffing, locking in patrol car) that inhibited his freedom of speech and right to petition for redress of grievances, and by retaliating against Plaintiff for criticizing the officers' conduct and for demanding a supervisor. Such actions undertaken by defendants would chill a person of ordinary firmness and sensibilities from continuing to engage in freedom of speech.

29. The conduct of individual defendants and Doe defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety for Plaintiff.

30. As a direct and proximate result of the aforesaid acts, omissions, customs,

7

COMPLAINT FOR DAMAGES

practices, policies and decisions of the aforementioned defendants, Plaintiff was injured as alleged above, entitling him to recover compensatory and punitive damages according to proof.

## SECOND CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment and Fourteenth Amendment – Against All Individual Defendants)

31. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

32. At all relevant times, Plaintiff was a victim of a trespass, burglary and assault, which occurred within his home; and he called 911 for assistance. Plaintiff had not committed any crime, nor did he present Defendant Officer Guillen or other individual Doe Defendant LAPD officers with reasonable suspicion to believe that he committed a crime.

33. At no point did Defendant Doe Officer Guillen or other Defendant Doe LAPD officers have reasonable suspicion or probable cause to detain or arrest Plaintiff. Moreover, at no point did Plaintiff pose a threat of bodily harm to Defendant Doe Officer Guillen or other Doe Defendant LAPD officers such that use of force via discharge of an LAPD taser was legally justifiable or otherwise warranted.

34. The force used by Defendant Officer Guillen and other Doe Defendant LAPD officers upon Plaintiff, in particular: (i) tasering Plaintiff multiple times; (ii) physically handcuffing Plaintiff; and (iii) physically seating Plaintiff in the back of a locked patrol car, as if Plaintiff was an arrestee, was harmful, unwarranted, and excessive. As described above, Defendants' conduct was unreasonable, unjustified, and offensive to human dignity.

35. Defendant Officer Guillen and other Doe Defendant LAPD officers, while acting under color of law, engaged in the conduct described above and thereby deprived

8

COMPLAINT FOR DAMAGES

Plaintiff of his civil rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest not based on reasonable suspicion or probable cause, unreasonable searches, unreasonable seizures, and excessive force. Moreover, Defendant Officer Guillen and other Doe Defendant LAPD officers effectuated a de facto arrest of Plaintiff without probable cause, in violation of his Fourth Amendment rights.

36. At no point did Plaintiff pose a threat of bodily harm to Defendant Officer Guillen or other Doe Defendant LAPD such that use of force via discharge of an LAPD taser was legally justifiable or otherwise warranted.

37. Defendant Officer Guillen and other Doe Defendant LAPD officers, while acting under color of law, deprived Plaintiff of his civil rights under the Fourteenth Amendment to due process and equal protection by assuming that he, as a black man, must have been engaged in criminal activity, under the circumstances, despite him having initially called 911 for emergency assistance.

38. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross above of governmental authority and power that shock the conscience. They are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

39. The conduct of Defendant Officer Guillen and other Doe Defendant LAPD officers was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

40. As the result of the conduct of Defendant Officer Guillen and other Doe Defendant LAPD officers, Plaintiff was physically, mentally, and emotionally harmed.

9

COMPLAINT FOR DAMAGES

1 Plaintiff specifically alleges that Defendants' complained of acts and/or omissions,
2 were within each of their control, and within the feasibility of each of them, to alter,
3 adjust, and/or correct so as to prevent some or all of the unlawful acts and injury
4 complained of herein by Plaintiff.

5 41. Defendant Officer Guillen or other Doe Defendant LAPD officers, while acting
6 under color of law, physically assaulted Plaintiff and engaged in the conduct described
7 above, and thereby deprived Plaintiff of his civil rights under the Fourth Amendment to
8 the United States Constitution.

9 42. The above acts and omissions, while carried out under color of law, have no
10 justification or excuse in law, and instead constitute a gross above of governmental
11 authority and power that shock the conscience. They are fundamentally unfair,
12 arbitrary and oppressive, and unrelated to any activity in which governmental officers
13 may appropriately and legally undertake in the course of protecting persons or ensuring
14 civil order. The above acts and omissions were consciously chosen from among
15 various alternatives.

16 43. The conduct of Defendant Officer Guillen and other Doe Defendant LAPD
17 officers was willful, wanton, malicious, or done with reckless disregard for the rights
18 and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive
19 damages.

20 **THIRD CLAIM FOR RELIEF**
21 **Municipal Liability –Unconstitutional Custom, Practice or Policy 42 U.S.C. §1983**
22 (Against City of Los Angeles, LAPD, Chief Moore, Officer Guillen, and certain of
23 Does #1 through #10)

24 44. Plaintiff incorporates by reference each and every allegation contained in the
25 foregoing paragraphs as if re-alleged herein.

26 45. Defendant Officer Guillen and other Doe Defendant LAPD officers acted under
27 color of law and within the course and scope of their employment by the City and

28
10
COMPLAINT FOR DAMAGES

1   LAPD.

2   46. Defendant Officer Guillen and other Doe Defendant LAPD officers deprived
3   Plaintiff of his rights under the Fourth Amendment, as alleged herein.

4   47. Plaintiff is informed and believes, and thereon alleges that, at all times herein
5   mentioned, Defendants the City, LAPD, the relevant policy maker Chief Moore,
6   relevant City officials, Officer Guillen, other unnamed certain of the Doe Defendant
7   LAPD officers #1 through #10 (hereinafter referred to collectively as the "Entity
8   Defendants") maintain or tolerate unconstitutional customs, practices, and policies that
9   facilitated the deprivation of Plaintiff's rights under the Fourth Amendment, as alleged
10  herein, including the foreseeable and preventable issue of force and the wrongful arrest
11  of those individuals subject to such force.

12  48. The policies, customs, and practices described above are also evidenced by the
13  victimization of Plaintiff by Defendant Officer Guillen and other Doe Defendant LAPD
14  officers, who Plaintiff, on information and belief, alleges have a history of excessive
15  uses of force and dishonesty. Entity Defendants knew this and did not adequately
16  discipline, train, or restrain Defendant Officer Guillen and other Doe Defendant LAPD
17  officers from further abuse, which led to the harm of Plaintiff as alleged and described
18  above.

19  49. Entity Defendants had either actual or constructive knowledge of the deficient
20  policies, practices and customs alleged in the paragraphs above. Said officials acted
21  with deliberate indifference to the foreseeable effects and consequences of these
22  policies, practices and customs with respect to the constitutional rights of Plaintiff.

23  50. As a direct and proximate result of the aforesaid acts, omissions, customs,
24  practices, policies and decisions of the aforementioned defendants, Plaintiff was
25  physically, mentally, and emotionally injured and sustained damages as alleged above.
26  Accordingly, Plaintiff seeks compensatory damages from all the Entity Defendants.

27

28

11

COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Negligent and Inadequate Training / Policy of inaction**
**42 U.S.C. § 1983 -**

(Against City of Los Angeles, LAPD, Chief Moore, Officer Guillen, and certain of Does #1 through #10)

51. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

52. At all times herein mentioned, Defendants the City, LAPD, the relevant policy maker Chief Moore, relevant City officials, Officer Guillen, other unnamed certain of the Doe Defendant LAPD officers #1 through #10 (hereinafter referred to collectively as the "Entity Defendants") had a duty to train, instruct, supervise and discipline their subordinates to assure they understood, respected, and did not violate constitutional and statutory rights of those individuals who come in contact with the LAPD, especially victims of crimes who call 911 for emergency assistance.

53. Entity Defendants also had a duty to discipline and retrain LAPD officers involved in prior incidents of alleged physical abuse or excessive use of force of members of the community.

54. Entity Defendants acted with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, including the right to freedom of speech and expression under the First Amendment, the right to freedom from unreasonable searches and seizures, including detentions without reasonable suspicion, arrests without probable cause, and excessive force under the Fourth Amendment, and the right to due process and equal protection under the Fourteenth Amendment.

55. Plaintiff is informed and believes, and thereupon alleges, that Entity Defendants maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

12

COMPLAINT FOR DAMAGES

a. Failing to adequately train, supervise and control LAPD officers in responding to emergency calls, distinguishing the crime victim from the criminal actor, and fact finding in ways that do not subject members of the community to unreasonable force and/or harm;

b. Failing to adequately train, supervise and control LAPD officers in using force only in circumstances in which officers are threatened with force and/or circumstances in which force is reasonably necessary to prevent harm to others;

c. Failing to adequately train, supervise and control LAPD officers in conducting interviews of crime victims in ways that do not result in a de facto arrest, or in ways that does not subject the crime victim to physical harm, embarrassment and/ or public ridicule;

d. Failing to adequately train, supervise, and control LAPD officers in proper communication and appropriate responses to members of the public, including making individual members of the community feel safe and comfortable by calling for backup or a supervisor when one is requested;

e. Failing to adequately train, supervise, and control LAPD officers in uses of force, including physically restraining individuals not reasonably suspected to be armed and dangerous, and including the use of arm hold techniques to deliberately cause pain and injuries;

f. Failing to protect the First-Amendment rights of people within the City of Los Angeles by ensuring that officers explain their actions, allow people to question officers' conduct, and by preventing officers from retaliating against First- Amendment protected conduct;

g. Failing to set up and/or organize systems to prevent abuse by officers including the failure to properly track and investigate uses of force;

h. Failing to discipline officers involved in abusing their authority; and

13

COMPLAINT FOR DAMAGES

     i.  Condoning and encouraging their officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

The foregoing are intended to be illustrative and not exhaustive.

56. The training provided by the Entity Defendants and certain LAPD Doe defendants was not adequate to train their officers to handle the usual and recurring situations with which they frequently encounter within the normal course of their employment. The Entity Defendants did not adequately train their officers and staff to prevent, deter, detect, and avoid physical abuse of crime victims and other individuals, like Plaintiff, who call 911 for emergency assistance.

57. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, polices and decisions of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above.

58. The Entity Defendants, individual defendants, and Doe defendants acted under color of law and within the course and scope of their employment by the City and LAPD.

59. Accordingly, Plaintiff seeks compensatory damages from all the Entity Defendants, and punitive damages from LAPD Chief Moore in his official and individual capacity.

## FIFTH CLAIM FOR RELIEF

### Failure to Intervene to Prevent Civil Rights Violations – 42 U.S.C. § 1983

(Against All Individual Defendants and Certain Individual Doe Defendants)

60. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

61. At all times relevant, Defendant Officer Guillen and certain of the other individual Doe Defendant LAPD officers #1 through #10 were present and were

14

COMPLAINT FOR DAMAGES

charged with the constitutional duties of protection of Plaintiff and other members of the community present during the aforementioned events. Each said defendant had ample and reasonable sufficient time and opportunity to so intervene and prevent Plaintiff's injuries and were compelled to do so as a LAPD officer and/or employee under the laws of the state of California and United States Constitution. In deliberate indifference to the welfare of Plaintiff, each said defendant intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

62. As a result thereof, Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution were violated. As a result thereof, Plaintiff sustained the injuries and damages alleged herein.

63. The conduct Defendant Officer Guillen and certain of the other individual Doe Defendant LAPD officers, as mentioned herein, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Doe defendants.

### SIXTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. §§ 1983, 1988

### Conspiracy to Violate Civil Rights

(Against All Individual Defendants)

64. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

65. This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiffs seeks to redress a deprivation under color of law of a right, privilege or immunity secured to himself by the Fourth Amendment to the United States Constitution.

15

COMPLAINT FOR DAMAGES

66. Officer Guillen, and other unnamed certain of the Defendant Doe LAPD officers #1 through #10, and each of them:

    a. had a joint and simultaneous duty to make sure that Plaintiff was not physically harmed, battered, attacked, or falsely arrested; or falsely imprisoned and detained;

    b. had joint and simultaneous knowledge that Plaintiff was at risk of being physically harmed, battered, attacked. falsely arrested by LAPD officers once Plaintiff was contacted and subsequently detained; and falsely imprisoned in the backseat of a patrol car;

    c. had joint and simultaneous knowledge that Plaintiff was at risk of being physically harmed, battered, attacked. falsely arrested by LAPD officers once Plaintiff was handcuffed;

    d. with such duty, knowledge and a meeting of the minds, took action at the same time and in the same place to collaborate to refuse to protect Plaintiff from attack by LAPD officers present to protect and serve Plaintiff, the crime victim who called 911 for emergency assistance. Thus, forming a 'pact of denial' such that not a single LAPD present did anything to intervene on Plaintiff's behalf or prevent the physical harm of Plaintiff;

    e. acted as described herein above, in conspiracy with, and with the agreement permission, ratification, and approval of, each other to violate Plaintiff's civil rights as stated herein.

67. As a result thereof, Plaintiff's rights under the Fourth Amendment to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

68. The individual defendants and Doe defendants acted under color of law and within the course and scope of their employment by the City and LAPD.

69. As a direct and proximate result of the aforesaid acts, omissions, customs,

16

COMPLAINT FOR DAMAGES

practices, policies and practice of inaction of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all the Entity Defendants.

## SEVENTH CLAIM FOR RELIEF

### Deprivation of Civil Rights – California Civil Code §§ 51.7, 52, and 52.1

70. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

71. All defendants are subject to liability under California Civil Code sections 51.7, 52 and 52.1 because the individual and doe defendants subjected Plaintiff to violence and threats of violence, including tasering, and physically grabbing and restraining him in such a way as to cause bodily injury, and interfered with Plaintiff's constitutional and statutory rights by way of threats, intimidation or coercion. Defendants violated Plaintiff's right to be free of unlawful seizure made without probable cause and his right to bodily integrity as guaranteed by California Civil Code section 43.

72. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured as alleged above, and is entitled to compensatory, punitive and statutory damages in amounts in accordance with proof.

## EIGHTH CLAIM FOR RELIEF

## ASSAULT AND BATTERY AND INTENTIONAL INFLICTION OF MENTAL DISTRESS – CALIFORNIA LAW

### (Against all Individual Defendants)

73. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

74. Officer Guillen, and certain of the other unnamed certain of the Defendant Doe LAPD officers, assaulted and battered Plaintiff when they tasered Plaintiff multiple times in the chest and back, and subsequently placed handcuffs on Plaintiff against his

17

COMPLAINT FOR DAMAGES

1   will, without his consent, and without probable cause for doing so.

2   75.  The aforementioned defendants did not have legal justification for the battery on

3   Plaintiff.  Accordingly, their actions were excessive and unreasonable.

4   76. As a direct and proximate cause of defendants' actions, Plaintiff suffered

5   extreme physical and mental anguish and pain.  Additionally, as a result of the

6   aforementioned acts, Plaintiff suffered severe intentional mental and emotional distress.

7   77. Under the California Government Tort Claims Act, Defendants City of Los

8   Angeles and the LAPD are vicariously liable for the acts of their police chief and

9   officers.

10   78. Accordingly, Plaintiff seeks compensatory damages for the violation of his

11   rights.

### NINTH CLAIM FOR RELIEF

### FALSE ARREST AND FALSE IMPRISONMENT

14   79. Plaintiff incorporates by reference each and every allegation contained in the

15   foregoing paragraphs as if re-alleged herein.

16   80. Plaintiff was falsely arrested and falsely imprisoned when detained by

17   Defendants without probable cause or reasonable suspicion for over approximately one

18   hour.

19   81.  As a direct and legal result of these acts and omissions, Plaintiff was physically,

20   mentally, and emotionally injured in his health and person as alleged above. Plaintiff

21   therefore is entitled to compensatory damages against all defendants, and punitive

22   damages against the individual and doe defendants according to proof.

### TENTH CLAIM FOR RELIEF

### Violation of California Civil Code § 52.1

(Against All Defendants)

26   82. Plaintiff incorporates by reference each and every allegation contained in the

18

COMPLAINT FOR DAMAGES

foregoing paragraphs as if re-alleged herein.

83. The United States Constitution, Amendment IV, and the California Constitution, Article I § 13, guarantees the right of persons to be free from excessive force. Defendants, by engaging in the wrongful conduct alleged herein, denied this right to Plaintiff, thus giving rise to this claim for damages pursuant to California Civil Code § 52.1 (the Bane Act, which prohibits any person from interfering with another person's exercise of enjoyment of her constitutional rights by threats, intimidation, or coercion).

84. As a direct and proximate result of the aforementioned acts of defendants, Plaintiff was injured as set forth above, and is entitled to statutory damages under California Civil Code § 52, as well as compensatory and punitive damages according to proof.

85. Defendants the City of Los Angeles and LAPD are vicariously liable for the constitutional violations of their employees and subordinates.

86. In committing the foregoing wrongful acts, Officer Guillen, and other unnamed certain of the Defendant Doe LAPD officers #1 through #10, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against the individual defendants (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

87. Plaintiff seeks attorney's fees under this claim.

## ELEVENTH CLAIM FOR RELIEF

### Negligence

(Against All Defendants)

88. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

19

COMPLAINT FOR DAMAGES

89.  Plaintiff called 911 for emergency assistance after coming home and noticing that he was being burglarized by an unknown person.  Plaintiff sought emergency assistance to aid him and hopefully help mitigate this traumatic experience.  Instead, he was tasered, handcuffed, and locked in the back of a police patrol car by LAPD officers, including Officer Guillen, and certain of the other unnamed certain of the Defendant Doe LAPD officers #1 through #10.  The foregoing events occurred in the presence of his neighbors and members of the community in which he has lived and been involved for approximately ten (10) years.

90.  Officer Guillen, and certain of the other unnamed certain of the Defendant Doe LAPD officers #1 through #10, and/or LAPD supervisors, agents, servants and/or employees of City of Los Angeles and within the course of such agency, service and/or employment, and under color of authority, were negligent in regards to Plaintiff's health, safety and welfare, and breached that duty of care.

91.  Defendants City of Los Angeles and LAPD breached their mandatory duty of care to protect Plaintiff from harm in their presence and in their custody.

92.  As a result, Plaintiff was injured, and he suffered damages as alleged herein.

**ATTORNEYS' FEES AND COSTS**

93.  Pursuant to the provisions 42 U.S.C. § 1988, Plaintiffs are entitled to and demand an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows against defendants:

1.  General and compensatory damages in an amount according to proof at trial;

2.  Special damages in an amount according to proof at trial;

3.  Exemplary and punitive damages against the individual Defendants, in an amount to be proven at trial;

4.  An award of prejudgment interest;

COMPLAINT FOR DAMAGES

5. An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a);

6. Cost of suit, including attorney's fees, under 42 U.S.C. § 1988; and

7. Such other relief as may be warranted or as is just and proper.

## PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,

LAW OFFICES OF MILTON C. GRIMES

Dated:  November 30, 2022

MILTON C. GRIMES
Law Offices of Milton C. Grimes
Counsel for Claimant

21

COMPLAINT FOR DAMAGES